UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY FILICE, | |
| Plaintiff, | |
| v. | CASE NO. 3:23-CV-1068-CCB-SJF |
| JAYCO INC, et al., | |
| Defendants. | |

**OPINION and ORDER**

Ripe before the Court are three motions, Defendants' partial motions to dismiss Plaintiff's first amended complaint [DE 28, 30] both brought under Fed. R. Civ. P. 12(b)(6), and Plaintiff's motion for leave to file a second amended complaint [DE 32], which Plaintiff filed in lieu of responses to Defendants' dismissal motions. The Court addresses Plaintiff's motion for leave to file his second amended complaint in this order. Defendants' motions to dismiss will be addressed in due course.

I.     **Relevant Procedural History**

Here, Plaintiff requests leave to amend his complaint a second time[1] after his time to do so without seeking prior leave of Court has expired. Plaintiff originally filed his case in Michigan state court. [DE 9]. That case was removed to the Eastern District of Michigan and then transferred to the Northern District of Indiana. [DE 7, 8]. After Defendants filed their answers to Plaintiff's complaint, this Court set its Rule 16(b)

---

[1] Plaintiff exercised his right to file an amended complaint as a matter of course when he filed his amended complaint on October 21, 2024 [DE 25]. Fed. R. Civ. P. 15(a)(1).

Scheduling Order that, *inter alia*, allowed the parties to file amended pleadings without leave of court until October 21, 2024. [DE 21 at 2]. Plaintiff amended his complaint once during this window, which prompted the Defendants to file their dismissal motions. Instead of filing a response, Plaintiff moved for leave to file his proposed second amended complaint, within the time allowed under Fed. R. Civ. P. 15(a)(1)(B) and Northern District of Indiana Local Rule 7-1(d)(2).

The proposed second amended complaint differs from Plaintiff's amended complaint in several ways. Plaintiff's amended complaint contains one statutory claim brought against Defendant Jayco Inc. ("Jayco") under the Michigan Consumer Protection Act ("MCPA") (Count II), which Jayco moves to dismiss. Jayco further moves to dismiss several counts that Plaintiff brings under common law theories of liability in his amended complaint, namely: revocation of acceptance (Count IV); breach of express warranty (Count VI); breach of implied warranty of merchantability/fitness for a particular purpose (Count VII); and unjust enrichment/quantum meruit (Count X).

Edgley Enterprises Inc., doing business as Jay's RV Centre ("Jay's RV") also takes issue with Plaintiff's amended complaint. Jay's RV moves to dismiss the two statutory counts Plaintiff brings against it, specifically: violation of the MCPA (Count II); and violation of Michigan's Motor Vehicle Service and Repair Act ("MVSRA") (Count VIII). Jay's RV also moves to dismiss several counts Plaintiff brings under common law, namely: breach of contract as a third-party beneficiary (Count IX); unjust

enrichment/quantum meruit (Count X); tortious interference with a business relationship (Count XI); and breach of contract for unworkmanlike repair (Count XII).

Plaintiff argues that leave to amend should be granted in lieu of ruling on the motions to dismiss because his second amended complaint addresses the issues Defendants raise in their motions. Plaintiff's proposed second amended complaint is nine counts in total, as compared to his twelve count amended complaint. This is due to Plaintiff consolidating his common law counts. Plaintiff's proposed second amended complaint reiterates his claims under the MCPA, as Count II [DE 32-1 at 9-12, ¶¶ 37-42], and under the MVSRA, as Count VI [DE 32-1 at 18-20, ¶¶ 82-89]. Plaintiff specifically revises the common law counts Defendants seek to dismiss as to remove revocation of acceptance as an independent cause of action, and instead incorporates it as a remedy sought in his breach of warranty counts, which are Counts IV and V in his proposed second amended complaint. Plaintiff also combines his breach of contract count on the basis of unworkmanlike repair (Count XII in the amended complaint) into his general breach of contract count in the proposed second amended complaint. Plaintiff argues that the remaining common law counts Defendants seek to dismiss are properly brought as alternative theories of recovery.

Defendants argue that it is futile for Plaintiff to bring the amended claims in his proposed second amended complaint, and therefore request that the Court deny his motion. Defendants take issue with the claims Plaintiff brings under Michigan statutory law and also argue that Plaintiff's claims as related to his unjust enrichment/quantum

3

meruit count, tortious interference, and third-party beneficiary breach of contract counts are also futile.

## II. LEGAL STANDARD

Motions to amend pleadings can be a two-step process. Generally, Fed. R. Civ. P. 15(a)(2) governs and provides that leave to amend a pleading shall be freely given when justice so requires. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *see also Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011); *Liu v. T&H Mach. Inc.*, 191 F.3d 790, 794 (7th Cir. 1999). However, when a court's Rule 16(b) scheduling order includes a deadline for filing amended pleadings, the Rule 16(b)(4) standard for modifying a scheduling order may need to be applied before the Rule 15(a)(2) requirements are considered. *Alioto*, 651 F.3d at 719. Under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard of Rule 16 "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Good cause exists when a movant shows that "despite [his] diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Once good cause is established, the court can then turn to evaluating a request to amend pleadings consistent with the standards set forth in Rule 15(a)(2).

However here, the Rule 16(b) Scheduling Order does not set a final deadline for the amendment of pleadings. [*See* DE 21]. Further, Defendants do not argue that Plaintiff's motion for leave to file a second amended complaint is untimely. Finally, good cause exists for Plaintiff because he seeks leave to amend in response to

4

Defendants' pending dismissal motions. Therefore, Plaintiff must only satisfy the requirements of Fed. R. Civ. P. 15(a)(2) as intended by the Court's Scheduling Order.

Under Fed. R. Civ. P. 15(a)(2), a court may deny leave to amend a complaint if there is undue delay, bad faith, dilatory motive, undue prejudice, or futility. *Guise v. BWM Mortg., LLC*, 377 F.3d 795, 801 (7th Cir. 2004). "[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Brunt v. Serv. Emps. Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002).

Defendants only argue that Plaintiff's proposed amendments would be futile[2]. Specifically, in their joint memorandum in opposition to Plaintiff's motion, Defendants argue that the following counts in Plaintiff's proposed second amended complaint are still subject to dismissal: violation of the MCPA (Count II); violation of the MVSRA (Count VI); breach of contract under a third-party beneficiary theory of liability (Count VII); unjust enrichment/quantum meruit (Count VIII); and tortious interference with a business relationship (Count IX). Defendants also do not object to Plaintiff's proposed second amended complaint on the basis of undue delay, bad faith, dilatory motive, failure to cure deficiencies, or undue prejudice. *See Foman v. Davis*, 371 U.S. 178, 182-83 (1962); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). Because the Plaintiff and Defendants focus entirely on futility, the Court will address only that element under Fed. R. Civ. P. 15(a)(2).

---

[2] The Court notes that Defendants do not argue that Counts I, III, IV, and V in Plaintiff's proposed second amended complaint are futile.

5

Generally, this district permits amendments to pleadings over allegations of futility and defers any analysis until a full briefing on a dispositive motion occurs. *Shambaugh & Son, L.P. v. Reichhart*, Case No. 1:23-cv-00213-HAB-SLC, 2023 WL 8597383, at *2 (N.D. Ind. Dec. 11, 2023); *Zachery v. Javitch Block LLC*, No. 1:22-cv-02261-JRS-MKK, 2023 WL 4236031, at *5 (S.D. Ind. June 23, 2023). Further, unless it is certain from the face of Plaintiff's proposed second amended complaint that any amendment would be futile or otherwise unwarranted, this Court should grant Plaintiff leave to amend. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015) (quoting *Barry Aviation Inc.*, 377 F.3d at 687).

A proposed amendment is futile when it fails to cure the deficiencies in the original pleading, or if it could not survive a motion to dismiss. *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004). In this way, the "standard is the same standard of legal sufficiency that applies under Rule 12(b)(6)." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim for relief, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, Plaintiff's proposed second amended complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,

6

a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (2007) (internal citations omitted). The Seventh Circuit has interpreted *Twombly* and *Iqbal* to require the plaintiff to "provide some specific facts" to support his legal claims. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). "While the degree of specificity required is not easily quantified, plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Leave to amend should only be denied as futile if the proposed amendment is frivolous on its face. *Zachery v. Javitch Block, LLC*, No. 1:22-cv-02261-JRS-MKK, 2023 WL 4236031, at *5 (S.D. Ind. June 28, 2023).

### III.  ANALYSIS

As an initial matter, the Court notes that Defendants do not argue that Counts I (breach of contract), III (breach of written warranty under Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*), IV (breach of implied warranty under Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*), and V (breach of express oral warranty) in Plaintiff's proposed second amended complaint are futile. Therefore, the Court will treat Plaintiff's leave to amend as to these counts as unopposed. Because this Court should freely give leave when justice so requires, Plaintiff is granted leave to file his second amended complaint as to these counts. Fed. R. Civ. P. 15(a)(2); *see Liu*, 191 F.3d at 794.

### a. Plaintiff's Statutory Claims Under the MCPA (Count II) and MVSRA (Count VI)

Defendants claim that Plaintiff's statutory counts are futile because the types of claims Plaintiff seeks to bring are exempt. Plaintiff and Defendants rely on Michigan substantive law, and so the Court will do so as well. *See Vukadinovich v. McCarthy*, 59 F.3d 58, 62 (7th Cir. 1995). Specifically, Defendants argue that Plaintiff's claims are exempt under the MCPA because that statute does not allow recovery for claims arising from the purchase of a new recreational vehicle made from licensed dealers within Michigan. Defendants argue that because Jay's RV is a licensed dealer within Michigan and because Plaintiff purchased a new vehicle, his claims against Defendants are exempt from the MCPA. Mich. Comp. Laws § 445.904(a). Defendants further provide two examples where claims against manufacturers under the MCPA were also dismissed based on the exemption created when the buyer purchases a new recreational vehicle from a dealer. *See Chaudoin v. Thor Motor Coach, Inc.*, Case No. 15-13871, 2017 WL 3485803, at *24 (E.D. Mich. Aug. 15, 2017) (quoting *Jimenez v. Ford Motor Credit Co.*, No. 322909, 2015 WL 9318913 (Mich. Ct. App. Dec. 22, 2015)).

In response to Defendants' argument, Plaintiff argues that Defendants are closer to real estate brokers, who are not exempt from the MCPA under *Attorney General v. Diamond Mortg. Co.*, 414 Mich. 603, 327 N.W.2d 805 (1982), and based on the types of transactions involved here, recovery is available under the MCPA. In support of the

8

latter, Plaintiff argues that because he brings his claims based on the warranties that accompany the sale, the repair work contemplated by those warranties is not specifically authorized under the MCPA, and so the exemption does not apply. Plaintiff cites to two earlier Michigan Court of Appeals decisions in support of his argument that "until the Michigan Supreme Court is willing to specifically rule that 'recreational vehicle manufacturers' and 'recreational vehicle dealerships' are exempt under the MCPA," it is not futile for him to bring his claim. *See King v. Taylor Chrysler-Plymouth, Inc.*, 184 Mich. App. 204, 219, 457 N.W.2d 42, 48-49 (1990); *see generally Mikos v. Chrysler Corp.*, 158 Mich. App. 781, 404 N.W.2d 783 (1987).

The MCPA prohibits "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." Mich. Comp. Laws § 445.903(1). However, it exempts any "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of [Michigan] or the United States." Mich. Comp. Laws § 445.904(1)(a). For the exemption to apply, the general transaction must be specifically authorized by law, regardless of whether the specific alleged misconduct is prohibited. *Liss v. Lewiston-Richards, Inc.*, 479 Mich. 204, 213, 732 N.W.2d 514, 519 (2007). *Liss*, decided by the Michigan supreme court after *King* and *Mikos*, defined the scope of the term "specifically authorized" as requiring "a general transaction that is 'explicitly sanctioned.'" *Liss*, 732 N.W.2d at 519-20. The Michigan supreme court applied the MCPA exemption to the licensed industry at issue, residential home builders, and held that it applied so long as the licensed

9

residential home builders contracted to engage in an activity permitted to be performed only by them based on their licensure through the state. *Id.* at 521.

In *Jimenez v. Ford Motor Credit* Company, No. 322909, 2015 WL 9318913, at *6 (Mich. Ct. App. Dec. 22, 2015), the Michigan Court of Appeals held that under MCPA, a dealer of motor vehicles was regulated by the Michigan Vehicle Code through the Secretary of State, and so the sale was a "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States." *Id.* at 7. Therefore, the MCPA exemption applied. *Id.* Recreational vehicles are also "motor vehicles" under the Michigan Vehicle Code, even where, as here, they are not self-propelled. Mich. Comp. Laws Ann. § 257.49a. Specifically, recreational vehicles are defined as "a new or used vehicle that has its own motive power or is towed by a motor vehicle," in the relevant part. *Id.* As Defendants note, the sale of the recreational vehicle to Plaintiff was exempt from the MCPA under Mich. Comp. Laws § 445.904(a). *Chaudoin v. Thor Motor Coach, Inc.*, Case No. 15-13871, 2017 WL 3485803, at *24 (E.D. Mich. Aug. 15, 2027).

Likewise here, because Plaintiff's warranty claims are related to the sale of the motor vehicle, the exemption under Mich. Comp. Laws § 445.904(1)(a) applies. Specifically, the warranty claims that Plaintiff brings are related to the sale of the motor vehicle. Because the MCPA exemption applies to Plaintiff's claim, it would not survive a Rule 12(b)(6) motion and is futile at this stage of the pleadings.

Defendants also argue that Plaintiff cannot bring a claim under the MVSRA because the type of recreational vehicle that he purchased is excluded by the act. The

10

MVSRA excludes the dwelling or sleeping, or other areas of motor vehicles that are not directly connected to the drive mechanism of the vehicle or to "other areas of repair that would require certification of motor vehicle mechanics." Mich. Comp. Laws § 257.1302a(f). Because the recreational vehicle at issue here is a "fifth wheel" model that is towed separately and not self-propelled, Defendants argue, it is excluded from the MVSRA. Defendants cite to *Harden v. Ford Motor Co.*, 408 F. Supp. 2d 309, 315 (E.D. Mich. 2005), which held on summary judgment that plaintiff was barred from recovery under the MVSRA because only the allegedly faulty repairs on the dwelling portions of his motor home were at issue. In that case, the Defendant was also not authorized to perform any chassis-related repairs on Plaintiff's recreational vehicle. *Id*. In contrast, Plaintiff notes that he seeks recovery that would involve the vehicle's chassis here as well, which he argues falls within the scope of the MVSRA because it requires servicing by a motor vehicle mechanic.

Plaintiff is bringing damages allegations connected with the vehicle's chassis, a part that will likely be serviced by a motor vehicle mechanic. Therefore, it is not clear from the face of Plaintiff's proposed second amended complaint that the nature of the recreational vehicle as a fifth-wheel trailer bars Plaintiff's recovery under the MVSRA. Plaintiff is entitled to develop his arguments to the contrary in response to a dismissal motion. Because what is currently before the Court is a motion for leave to amend a complaint, the parties will have an opportunity to present additional arguments at a motion to dismiss. *See Carter v. Indiana*, 2022 WL 16833590, Cause No. 2:21-cv-256-PPS-

11

JPK, at *8 (N.D. Ind. Nov. 8, 2022).  Plaintiff is granted leave to file his second amended complaint with this count included.

### b. Counts Plaintiff Brings Under Common Law Theories of Liability

Further Defendants argue that Plaintiff's claims as related to his unjust enrichment/quantum meruit count, third-party beneficiary breach of contract, and tortious interference counts are also futile. The Court addresses each argument in turn.

Defendants argue that Plaintiff cannot bring his unjust enrichment count here, because this case arises from a contract that governs the parties' transaction and that it is duplicative of his breach of warranty claim. Plaintiff responds that he has not alleged that an express contract exists between himself and Jay's RV to submit warranty claims on his behalf, and that certain circumstances at issue here are not covered by any warranty agreement. If there is no governing contact to a transaction, then an alternative path to recovery exists for Plaintiff under quantum meruit in order to prevent unjust enrichment. *Hubbard Auto Center, Inc. v. General Motors Corp.*, 422 F. Supp. 2d 999, 1005 (N.D. Ind. 2006) (citing *Barber v. SMH (US), Inc.*, 202 Mich. App. 366, 375, 509 N.W.2d 791, 796 (1993) and *Martin v. East Lansing School Dist.*, 193 Mich. App. 166, 483 N.W.2d 656, 661 (1992)).  It is not clear from the face of Plaintiff's proposed second amended complaint that he is barred from asserting his unjust enrichment claim here.

Defendants argue that Plaintiff's claims as related to his third-party beneficiary breach of contract and tortious interference counts are futile because the terms of the written warranty govern and so preclude his tort claim. Defendants further argue that

the damages are too speculative as to Plaintiff's breach of contract claim and not pled with sufficient specificity as to his tortious interference claim. Plaintiff's ability to plead damages is not so tenuous as to be frivolous and Defendants' arguments are better addressed if Defendants pursue a renewed motion to dismiss. Consequently, because leave to amend is to be freely given under Fed. R. Civ. P. 15, Plaintiff's motion will be granted.

### IV. CONCLUSION

Based on the foregoing, the Court **GRANTS in part** and **DENIES in part** the Motion for Leave to File Second Amended Complaint [DE 32]. The Court **ORDERS** Plaintiff Anthony Filice to file his Second Amended Complaint **by July 16, 2025**, with the following claim excluded:

- violations under the Michigan Consumer Protection Act, currently reflected in Count II in Plaintiff's proposed Second Amended Complaint.

**SO ORDERED** this 25th day of June 2025.

s/Scott J. Frankel<br>
Scott J. Frankel<br>
United States Magistrate Judge