UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY FILICE,<br><br>    Plaintiff,<br><br>    v.<br><br>JAYCO INC, et al.,<br><br>    Defendants. | Case No. 3:23-CV-1068-CCB-SJF |

## OPINION AND ORDER

Before the Court are two partial 12(b)(6) motions to dismiss filed by Defendants Jayco, Inc. ("Jayco") and Edgley Enterprises d/b/a Jay's RV Centre ("Jay's RV"). In this case, Plaintiff Anthony Filice sued Jayco and Jay's RV, raising various warranty, contract, and statutory claims. Both Defendants have now moved to dismiss Count 8 (Unjust Enrichment), while Jay's RV has also moved to dismiss Counts 6, 7, and 9 (Violation of the Michigan Motor Vehicle Service and Repair Act, Third-Party Beneficiary Breach of Contract, and Tortious interference with a Business Relationship).

### BACKGROUND

On March 14, 2022, Mr. Filice bought a 2022 Jayco Pinnacle Fifth Wheel RV ("RV") from Jay's RV. (ECF 51 at 1–2, ¶ 4). Jayco, the manufacturer, provided an express limited warranty for the RV ("Jayco Warranty"). *Id.* ¶ 5. After taking delivery of the RV, Mr. Filice alleges that he encountered a significant number of defects, including a leaky toilet, uneven trim, leak issues, and malfunctioning slides, windows, and shades. *Id.* at 4, ¶ 13. Mr. Filice took the RV to be repaired on multiple occasions but alleges that most

or all of the problems were not resolved, and were even exacerbated by the repair attempts. *Id.* at 3–5, ¶¶ 11–14. Mr. Filice alleges that at the time, he was under the impression that these repairs were performed under the Jayco Warranty. *Id.* at 5, ¶ 16. He does not allege that he had to pay for any of these repairs. After a set of allegedly insufficient repair attempts, Mr. Filice filed suit in Michigan state court against both Jayco and Jay's RV for Breach of Contract, Revocation of Acceptance, Breach of Express and Implied Warranty, Breach of Written and Express Warranty under the Magnuson-Moss Warranty Act, violation of the Michigan Consumer Protection Act, and violation of the Michigan Motor Vehicle Service and Repair Act. (ECF 9).

Defendants removed the case to the Federal Court for the Eastern District of Michigan, and then successfully moved to transfer the case to the Federal Court for the Northern District of Indiana under a forum selection clause in the Jayco Warranty contract. (ECF 1, 2, 7). In his Second Amended Complaint, Mr. Filice makes the following claims against both Defendants (Jayco and Jay's RV):

1. Breach of Contract (Count 1)
2. Breach of Warranty under the Magnuson-Moss Act (Counts 2 and 4)
3. Unjust Enrichment and/or Quantum Meruit (Count 8).

Additionally, he makes the following claims, solely against Jay's RV:

1. Breach of Express Oral Warranty (Count 5).
2. Violation of the Michigan Motor Vehicle Service and Repair Act (Count 6).
3. Third-Party Beneficiary Breach of Contract (Count 7).
4. Tortious Interference with a Business Relationship (Count 9).

(ECF 51). Both Jay's RV and Jayco have moved to dismiss Count 8, while Jay's RV has also moved to dismiss Counts 6, 7, and 9. (ECF 52, 54).

2

**STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)); *accord McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2013) (a complaint "must contain 'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief"). "[A] formulaic recitation of the elements of a cause of action," and "naked assertions" without supporting facts are inadequate. *Id.* (quoting *Twombly*, 550 U.S. at 557). A complaint must contain enough factual matter to raise the possibility of relief above a speculative level. *Id.* at 678. A complaint therefore fails to state a claim if it is not "sufficient to provide the defendant with 'fair notice' of the plaintiff's claim and its basis." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937).

**ANALYSIS**

A. **Choice of Law**

As a threshold matter, this Court needs to determine which state's law applies to the common-law claims in this case. In his complaint, Mr. Filice makes several common-law claims under "Indiana and/or Michigan law," and the parties reference both

3

Michigan and Indiana law in their briefings. *See, e.g.*, ECF 51 at 17, ¶ 85; *id.* at 18, ¶ 94; ECF 59 at 6, n.5; ECF 58 at 3, n. 3. Thus, applying Indiana conflict-of-law rules, we address which state's substantive law applies to each of Mr. Filice's relevant claims.

This case was transferred to federal court in Indiana under a valid forum-selection clause, and so the choice of law of the selected forum (Indiana) applies. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. Of Tex.*, 571 U.S. 49, 62–65 (2013). Under Indiana law, if it is "unclear whether [it] is the case" that "there is a difference in the laws of the potentially applicable jurisdictions," it is proper to address choice of law. *Allen v. Great Am. Rsrv. Ins.*, 766 N.E.2d 1157, 1162 (Ind. 2002).

### 1. Contract-Related Claims (Counts 7 and 8)

Indiana state law directs courts to "apply[] the law of the forum with the most intimate contacts to the facts." *Standard Reg. Co. v. Cleaver*, 30 F. Supp. 2d 1084, 1092 (N. D. Ind. 1998) (quoting *Hartford Accident & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 291 (Ind. Ct. App. 1997)). Here, the contract was made and the goods were sold in Michigan. The place of the alleged breach is in Michigan. And while Jayco is not located in Michigan, the sale and related warranty contract giving rise to Mr. Filice's claims against Jayco did occur in Michigan. Thus, Michigan law applies to both the Third-Party Beneficiary Breach of Contract and Unjust Enrichment Claims.

### 2. Tortious Interference (Count 9)

Unless the place of the wrong "bears little connection" to a legal action, Indiana law instructs courts to use the rule of *lex delicti* or "the place of the wrong." *Popovich v. Weingarten*, 779 F. Supp. 2d 891, 896 (N. D. Ind. 2011). Here, the alleged wrong—Jay's

4

RV's intentional failure to notify Jayco—occurred in Michigan, by a party located in Michigan. Thus, Michigan law also applies to Mr. Filice's tortious interference claim.

### B. Michigan Motor Vehicle Service and Repair Act (Count 6)

Defendant Jay's RV has moved to dismiss Mr. Filice's claims under the Michigan Motor Vehicle Service and Repair Act (MVSRA), Mich. Comp. Laws § 257.1301 *et seq.*, arguing that the Act covers neither the type of damage that Mr. Filice alleges nor fifth wheel trailers like the RV here. (ECF 54, 55).

Although the MVSRA covers "trailers" as defined in the Michigan Code, Mich. Comp. Laws § 247.1302a(f), there is a threshold question as to whether a fifth wheel RV falls under the statutory definition of "trailer," which is defined as "so constructed that no part of its weight rests upon the towing vehicle." Mich. Comp. Laws § 257.73. *See, e.g., Arrigo's Fleet Serv., Inc. v. State of Mich., Dep't of State, Bureau of Auto. Reguls.*, 337 N.W.2d 26, 27 (Mich. Ct. App. 1983) (holding that a trailer which rested some of its load on the towing vehicle was not regulated by the MVSRA). At the motion to dismiss stage, this is a fact-intensive inquiry which cannot be resolved by the Court.

But even if some parts of the RV are covered by the MVSRA, Mr. Filice's specific claims still fall outside its scope, because they relate to his RV's residential function. Even for included vehicles, the MVSRA explicitly excludes applicability for "the dwelling or sleeping portions" of a trailer or "similar facilities that are not directly connected with the drive mechanism of the vehicle or other areas of repair that would require certification of motor vehicle mechanics." Mich. Comp. Laws § 247.1302a(f). Here, all of Mr. Filice's claims relate to the "dwelling and sleeping portions" of the

RV—issues such as water leaks, uneven trim, furniture defects, non-level surfaces, etc. (ECF 51 at 43–47). Thus, they are excluded from the MVSRA. *See Pidcock v. Ewing*, 371 F. Supp. 2d 870, 882 (E.D. Mich. 2005) ("The record shows that [Defendant] only repaired the house portion of the motor home, not the chassis. Because the house portion is specifically excluded from coverage, the [Plaintiffs] cannot make out a claim for a violation of the MVSRA against [Defendant]"); *Sautner v. Fleetwood Enters., Inc.*, No. 05-73252, 2007 WL 1343806, at *3 n. 1 (E.D. Mich. 2007) ("[Defendant] correctly argues that dismissal is warranted because the MVSRA does not cover the dwelling portion of a motor home. . . . Since [Defendant] only repaired portions of the coach, [Plaintiff's] claim under the MVSRA would fail as a matter of law.").

Mr. Filice argues that, even if most of his claims are excluded, his single reference to the RV never being "leveled" falls within the MVSRA, because, as he asserts, "leveling the trailer would necessitate servicing or otherwise working on the chassis." (ECF 51 at 4). But based on Mr. Filice's pleadings, this leveling system is related to the RV's habitability rather than its roadworthiness. For example, he refers to "leveling the trailer" as a function which could be performed by a visiting technician, and could be possibly attempted by the trailer's owner ("Was instructed that Jimmy will be here to level trailer & we should not try it"), while the trailer warranty documents describe "hydraulic leveling jacks or [a] leveling system."(ECF 51 at 47, 33). Mr. Filice does not allege that this leveling issue impeded his ability to haul or transport the trailer. Thus, Mr. Filice has not plausibly alleged that this leveling system is "directly connected with the drive mechanism of the vehicle." Mich. Comp. Laws § 247.1302a(f). *See Iqbal*, 556

6

U.S. at 678. Rather, it belongs in the same category as the other RV defects—related to the trailer's dwelling function, unconnected from the drive mechanism, and thus outside the scope of the MVSRA. See *Ewing*, 371 F. Supp at 882; *Sautner*, 2007 WL at *3 n. 1. Count 6 is dismissed.

### C. Third-party Beneficiary Breach of Contract (Count 7)

Jay's RV has moved to dismiss Mr. Filice's claim for Third-Party Beneficiary Breach of Contract. (ECF 54). To make a successful third-party breach of contract claim in Michigan, there must be a valid contract between two parties, made for the benefit of a third party, and one party must have breached the contract. Mich. Comp. Laws § 600.1405; *Koenig v. City of S. Haven*, 597 N.W.2d 99, 103–04 (Mich. 1999).

Mr. Filice alleges that although he initially assumed the RV repairs to be under the Jayco Warranty, he discovered after filing his initial complaint that Jay's RV had not notified or attempted to obtain reimbursement from Jayco for the repairs. (ECF 51 at 5, ¶ 16). Mr. Filice alleges that there was an implicit or explicit agreement between Jay's RV and Jayco, in which Jay's RV agreed to notify and work with Jayco to provide repairs on the Jayco RVs it sold, and that Jay's RV breached this alleged contract by not informing Jayco of the repairs that it performed on his RV. (ECF 51 at 17–18). Mr. Filice argues that Jay's RV's breach has harmed him by "substantially impact[ing] [his] ability to pursue his legal rights" against Jayco. *Id.* at 18.

However, Mr. Filice has not plausibly alleged that he currently lacks redress under the Jayco Warranty, or that any specific legal claims against Jayco have been affected by Jay's RV's actions. Mr. Filice has not alleged that he made warranty claims

7

to Jayco, and Jayco has not denied his ability to do so. In fact, Jayco has admitted that a valid warranty was transferred to him when he bought the RV. (ECF 12 at 4, ¶ 11). Given this, Mr. Filice's injury is far too speculative at this time. *See Concentra Health Servs., Inc.*, 496 F.3d at 776; *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 340–43 (2016). Count 7 is dismissed.

### D. Tortious Interference with a Business Relationship (Count 9)

Jay's RV has moved to dismiss Mr. Filice's tortious interference claim. (ECF 54). In Michigan, the elements of a tortious interference with a business relationship claim are (1) the existence of a business relationship, (2) knowledge of the relationship on the part of the defendant, and (3) an intentional interference by the defendant causing a breach or termination of the relationship. *Dalley v. Dykema Gossett*, 788 N.W.2d 679, 696 (Mich. Ct. App. 2010).

Jay's RV argues that this interference claim is barred by the "economic loss doctrine," which provides that, when a purchaser's expectations in a sale are frustrated due to malfunction or defect, the remedy is found exclusively in the UCC rather than common-law doctrines such as fraud or products liability. *See Neibarger v. Universal Cooperatives, Inc.*, 486 N.W.2d 612, 615 (Mich. 1992). But Mr. Filice's tortious interference claim is not directly about a faulty product, or a fraudulent contract, but something rather different—an intentional wrongful act by a third party (Jay's RV) interfering with the warranty contract between himself and Jayco. That the economic loss doctrine does not apply to cases like this is supported by the fact that Michigan's implementation of

8

the UCC does not appear to address or contain any remedies for tortious contractual interference by a third party. *See generally* Mich. Comp. Laws § 440.1 *et seq*.

But, like Mr. Filice's third-party breach of contract claim, the injury here is far too speculative. Mr. Filice's only claimed injury is a hypothetical "impact" on "Plaintiff's legal rights against Jayco." (ECF 51 at 22, ¶ 115). This is not sufficient to allege a concrete and particular harm, and thus does not raise the possibility of relief "above a speculative level." *Concentra Health Servs., Inc.*, 496 F.3d at 776. *See also Spokeo*, 578 U.S. at 340–43.

In addition, Mr. Filice has provided no factual allegations that allow for a reasonable inference that Jay's RV's failure to notify Jayco was an intentional effort to prevent him from exercising his warranty rights, rather than mere negligence. *See Iqbal*, 556 U.S. at 663. Without more specific allegations of intentionality and concrete harm, the claim cannot proceed at this time. Count 9 is dismissed.

### E. Unjust Enrichment/Quantum Meruit (Count 8)

Finally, both Defendants have moved to dismiss Mr. Filice's claim for unjust enrichment. (ECF 52, 54). To succeed on an unjust enrichment claim under Michigan law, a plaintiff must show that (1) the defendant received a benefit from the plaintiff and (2) it would be inequitable to allow the defendant to retain the benefit. *Barber v. SMH*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993). Additionally, Michigan law does not allow plaintiffs to bring an unjust enrichment claim if there is an express contract between the parties governing the same subject matter as the unjust enrichment claim. *Belle Isle Corp. v. City of Detroit*, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003). Here, Mr.

9

Filice has a purchase contract for the RV with Jay's RV, and a warranty contract with Jayco. Thus, unjust enrichment is inappropriate, because Mr. Filice has contracts with both Jay's RV and Jayco that concern the subject matter of his unjust enrichment claim (the RV).

Mr. Filice argues that unjust enrichment is still appropriate, because there is no contract that expressly covers the circumstances at issue here. (ECF 57 at 4). But the Michigan rule is not that the contract must cover the precise *circumstances* of a dispute, but that it must concern the same *subject matter* as the unjust enrichment claim. *See, e.g.*, *Halliday v. Fraser*, no. 1:18-cv-44, 2018 WL 4658535, at *11 (W.D. Mich. 2018) ("[h]ere, plaintiffs executed two contracts related to the subject matter of their claim: the Note and the Mortgage . . . plaintiffs' purported claims for unjust enrichment fail"); *Kundinger v. Kundinger*, No. 365813, 2024 WL 3841667, at *7 (Mich. Ct. App. 2024) ("contracts in this matter involved the sale of the same land" and so "[d]ismissal of the plaintiff's unjust-enrichment claim was proper."). A contract can cover the subject matter of a dispute with there still being disagreement over how to apply its terms. *See Sbr Assoc's. II, LLC v. AFJ Dev. Co.*, No. 354992, 2021 WL 3233566, at *4 (Mich. Ct. App. 2021) ("plaintiff conflates the subject matter of the Agreement with its terms"). Here, the subject matter of the contract is identical to that of the unjust enrichment claim—the purchase of the RV. Therefore, Mr. Filice cannot bring an unjust enrichment claim against either Jayco or Jay's RV. Count 8 is dismissed.

## CONCLUSION

For these reasons, Defendants' Motions to Dismiss are GRANTED. (ECF 52, 54). Count 8 is dismissed with prejudice, since "no set of facts could exist consistent with the complaint that would allow [it] to survive." *Bogie v. Rosenberg*, 705 F.3d 603, 607 (7th Cir. 2013). Counts 6, 7, and 9 are dismissed without prejudice. Any amended complaint must be filed by November 21, 2025.

SO ORDERED on November 6, 2025.

/s/*Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT